CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 12 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNNIE MCKNIGHT, # 309718, | ) | |
| Petitioner, | ) | Civil Action No. 7:05cv00336 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| A. DAVID ROBINSON, | ) | By: Jackson L. Kiser |
| Respondent. | ) | Senior U.S. District Judge |

Petitioner Johnnie McKnight, # 309718, a Virginia inmate proceeding pro se, has filed this

petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. McKnight is challenging his June

4, 2002 convictions, in the Circuit Court of Washington County, for entering a bank while armed,

3 counts of robbery, 12 counts of use of a firearm during the commission of a felony, possession of

a firearm by a convicted felon, 7 counts of abduction, 2 counts of attempted capital murder of a

police officer, and 10 counts of shooting at an occupied law enforcement vehicle. McKnight was

sentenced on June 4, 2002 to serve a total of 391 years, 20 of which were suspended. He is currently

confined at the Wallens Ridge State Prison. As grounds for relief, McKnight claims counsel

rendered ineffective assistance at trial and on appeal and various trial court errors.

The respondent has filed a motion to dismiss McKnight's petition, contending that it is

untimely. The court notified McKnight of the motion to dismiss, as required by Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment might be granted for the

respondent if he did not respond to the motion. McKnight filed a reply to the motion to dismiss.

Accordingly, respondent's motion to dismiss and the underlying petition are now ripe for

consideration.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty

Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought

within one year from the latest of the following:

     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). Section § 2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

According to the pleadings, and confirmed by the records before the court, final judgment in McKnight's case was entered in the Circuit Court of Washington County on June 4, 2002. McKnight appealed his conviction to the Court of Appeals of Virginia; it was denied on December 23, 2003. Thereafter, McKnight filed an appeal in the Supreme Court of Virginia; it was dismissed as untimely on February 26, 2004. McKnight petitioned the court to rehear his appeal, but that too was denied on April 30, 2004. As petitioner failed to file a timely appeal in the Supreme Court of Virginia , his conviction became final thirty days after the entry of the order of the Court of Appeals

2

of Virginia. See Va. Sup. Ct. R. 5:17(a)(2). Petitioner thus had one year from that date, until January 23, 2005, in which to file a timely habeas petition pursuant to 28 U.S.C. § 2254.

Court records reflect that McKnight filed a petition for habeas corpus in the Virginia Supreme Court on January 4, 2005. His petition exceed the page length set forth in Rule 5:7 of the Rules of the Supreme Court of Virginia. On February 4, 2005 the Virginia Supreme Court ordered McKnight to file a petition which conformed to the rule standards within thirty days of the entry of that order. Petitioner failed to submit a conforming petition and on April 4, 2005 the Virginia Supreme Court denied his habeas petition because it failed to comply with Rule 5:7. McKnight then filed the instant petition on May 19, 2005.

McKnight first argues that his conviction did not become final until 90 days after the Supreme Court of Virginia denied his petition for rehearing.[1] McKnight claims that as counsel filed a notice of appeal from the decision of the Court of Appeals of Virginia, the Supreme Court should not have denied his appeal as untimely. However, the record indicates that although counsel filed a timely notice of appeal in the Court of Appeals of Virginia, counsel failed to file a timely petition for appeal in the Supreme Court of Virginia. Accordingly, the Supreme Court of Virginia dismissed the petition for appeal under Rule 5:17(a)(2). As petitioner's appeal from the decision of the Court of Appeals of Virginia was not properly perfected, his direct appeal of his conviction ended in the Court of Appeals. Thus, his conviction became final on January 23, 2004.

Second, McKnight argues that the one year statute of limitations was tolled while his habeas petition was pending before the Supreme Court of Virginia. "[A]n application for state habeas relief

---

[1]McKnight contends that his conviction would have became final on July 30, 2004, and he had until July 30, 2005 to file his federal habeas petition.

Case 7:05-cv-00336-JLK-RSB   Document 17   Filed 08/12/05   Page 3 of 6   Pageid#: 87

is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S.Ct. 361, 364 (2000). The Rules of the Supreme Court of Virginia specify that a petition for habeas corpus shall not exceed 50 type written pages or 36 printed pages. Va. Sup. Ct. R. 5:7(h). Plaintiff's petition was nearly 300 printed pages in length. The Supreme Court of Virginia ordered petitioner to file a conforming petition, however petitioner declined to do so and the court thereafter dismissed the petition for failure to comply with Rule 5:7. Because petitioner did not file a petition which complied with the rules governing the filing of a habeas petition,that petition did not toll the statute of limitations.

Furthermore, even assuming that McKnight's petition had been properly filed in the Supreme Court of Virginia, the instant petition still would be untimely. McKnight's state habeas petition was filed on January 4, 2005. Accordingly, the one year period, which began January 23, 2004, was tolled between January 4, 2005 and April 4, 2005, when that petition was dismissed. Petitioner thereafter had only an additional 19 days in which to file his federal habeas petition. As such, he then had until April 23, 2005 to file his federal petition. McKnight did not file the instant petition until May 19, 2005.

Third, McKnight seems to argue under the principles of equitable tolling the court should consider his petition to be timely. The Fourth Circuit has held that the §2244(d) filing period may be equitably tolled because it is a statute of limitations and not a jurisdictional bar. See Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. Accordingly, a petitioner is only entitled to equitable tolling if "he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3)

4

that prevented him from filing on time." Rouse v. R.C. Lee, 339 F.3d 238, 246 (4th Cir. 2003). McKnight makes brief arguments of ineffective assistance of counsel and actual innocence to support his claim of equitable tolling. However, neither argument warrants such extraordinary relief. Even if true, petitioner's claim of actual innocence in no way impeded his ability to file a timely federal habeas petition. Additionally, as a petitioner has no right to counsel in federal habeas proceedings, lack of counsel during such proceedings cannot serve as a basis for equitable tolling. See Coleman v. Thompson, 501 U.S. 722, 753 (1991).

To the extent that petitioner claims that counsel's failures on direct appeal support his claims of equitable tolling, he has not demonstrated how such failures affected the filing of this petition. To succeed on this claim, petitioner must show that despite his exercise of "reasonable diligence in investigating and bringing [the] claims," he was prevented from bring his claims in a timely manner. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). It is clear that by February 2004, petitioner was aware that counsel failed to file a timely petition for appeal in the Supreme Court of Virginia. However, petitioner waited almost a year before filing his state habeas petition and almost a year and a half before filing the instant petition. As such, there is some question as to petitioner's diligence in bring these claims. Furthermore, McKnight has not presented any evidence that suggest that counsel was responsible for this delay. Accordingly, I find that petitioner has not presented any facts which support further tolling of the statute of limitations.

McKnight has made no showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d)(1)(B)-(D) or that equitable tolling principles should be applied. Inasmuch as he did not file the instant petition until May 19, 2005, it is clearly outside the statute of limitations imposed by § 2244(d)(1)(A), and I shall deny relief on that basis.

5

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondents.

ENTER: This _12th_ day of August, 2005.

Senior U.S. District Judge

6